**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:26-cv-27773-BB

LORENA CASTELLANOS KINDELAN,

Plaintiff,

v.

LAJATO RESTAURANT LLC, IVONNE PEREZ, and FELIX GUTIERREZ,

Defendants.
_______________________________________/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants, LAJATO RESTAURANT LLC, IVONNE PEREZ, and FELIX GUTIERREZ, by and through undersigned counsel hereby file their Answer, Affirmative Defenses, and Jury Demand, as follows:

1. Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph but presume them to be true.

2. Admitted.

3. Admitted.

4. Admitted that Felix Gutierrez was an owner of the entity Defendant during all relevant times. Denied otherwise.

5. Admitted for jurisdictional purposes only.

6. Admitted for venue purposes only.

7. Denied.

8. Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph but presume them to be true.

**FLSA Jurisdictional Allegations**

9. Admitted that Plaintiff was an hourly employee of the entity Defendant. All other allegations contained in this Paragraph consist of legal conclusions and not fact allegations requiring a response.

10. Admitted.

11. Admitted.

12. Admitted that Plaintiff had the typical tasks of a server at the restaurant.

13. Denied.

14. Defendants are without knowledge as to what Plaintiff does, or does not, consent to.

15. This Paragraph contains a legal conclusion and not a fact allegation requiring a response.

16. Admitted.

17. Admitted.

18. Denied.

19. Admitted.

20. Admitted.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

**COUNT I – FLSA CLAIM**
(OVERTIME WAGE VIOLATION(S))

Defendants restate and adopt their responses to Paragraphs 1-24, above, as if fully stated herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT II – FLSA CLAIM**
(TIP VIOLATION)

Defendants restate and adopt their responses to Paragraphs 1-22, above, as if fully stated herein.

31. This Paragraph does not contain a fact allegation requiring a response.

32. This Paragraph does not contain a fact allegation requiring a response.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**COUNT III – FMWA CLAIM**
(VIOLATION(S) OF THE FMWA)

Defendants restate and adopt their responses to Paragraphs 1-24, above, as if fully stated herein.

38. This Paragraph does not contain a fact allegation requiring a response.

39. This Paragraph does not contain a fact allegation requiring a response.

40. This Paragraph does not contain a fact allegation requiring a response.

41. This Paragraph does not contain a fact allegation requiring a response.

42. This Paragraph does not contain a fact allegation requiring a response.

43. Denied.

44. This Paragraph does not contain a fact allegation requiring a response.

45. This Paragraph does not contain a fact allegation requiring a response.

46. This Paragraph does not contain a fact allegation requiring a response.

47. This Paragraph does not contain a fact allegation requiring a response.

48. This Paragraph does not contain a fact allegation requiring a response.

49. This Paragraph does not contain a fact allegation requiring a response.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. This Paragraph does not contain a fact allegation requiring a response.

58. Denied.

59. Denied.

60. Denied.

61. This Paragraph does not contain a fact allegation requiring a response.

## **GENERAL DENIAL**

Further responding to Paragraphs 1 through 61, Defendants deny each and every allegation contained in the Complaint not specifically admitted-to.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's claims are limited to the permissible limitations period under the FLSA (two years for non-willful violations) from the date of filing of the initial Complaint (October 7, 2026). Therefore, Plaintiff's claim under the FLSA are limited to the period of October 7, 2024, through her alleged last day of work March 22, 2025.

### **Second Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §§203(m) and 203(t), commonly referred to as the FLSA's "tip credit." Plaintiff was paid at a lower rate as a tipped employee – as is legally permissible and allowable under the FLSA and the FMWA.

### **Third Affirmative Defense**

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### **Fourth Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which she engaged in certain activities that were not integral and indispensable to her principal activities as a server (preliminary/postliminary activities)

**Fifth Affirmative Defense**

Plaintiff's claims are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

**Sixth Affirmative Defense**

Plaintiff's claims are barred to the extent Plaintiff is seeking damages for time that is not compensable such as *bonafide* meal or other breaks lasting longer than 20 minutes, or any other time not spent primarily for the benefit of the employer.

**Seventh Affirmative Defense**

To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that they be awarded costs, including reasonable attorneys' fees, as available.

**JURY DEMAND**

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 2nd day of November, 2026.

ADI AMIT, P.A.
*Attorneys for Defendants*
500 NE 4th Street
Suite 101
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail: Adi@DefenderOfBusiness.com

By: *s/Adi Amit*
Adi Amit, Esquire
Florida Bar No. 35257

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2026, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

**SERVICE LIST**

***Lorena Castellanos Kindelan v. LaJato Restaurant, LLC, et al.***
Case No. Case No.: 1:26-cv-27773-BB

Brian H. Pollock, Esquire
Katelyn Schickman, Esquire
Patrick Brooks LaRou, Esquire
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawfirm.com
katie@fairlawattorney.com
brooks@fairlawfirm.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
500 N.E. 4th Street
Suite 100
Ft. Lauderdale, FL 33301
adi@defenderofbusiness.com
*Counsel for Defendants*