UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-27773-BLOOM/REID

LORENA CASTELLANOS KINDELAN,

Plaintiff,

vs.

LAJATO RESTAURANT LLC,
IVONNE PEREZ, and
FELIX GUTIERREZ,

Defendants.
_______________________________/

**[PROPOSED] SCHEDULING ORDER**
**SETTING TRIAL AND PRE-TRIAL DEADLINES**

**THIS CAUSE** is before the Court upon the parties' Joint Scheduling Report [ECF No. 9] filed pursuant to the Court's Order on Post-Removal Procedures, and Requiring Scheduling Report and Certificates of Interested Parties [ECF No. 5] and S.D. Fla. L.R. 16.1(b). The Court has reviewed the Joint Scheduling Report and the record, and is otherwise fully advised. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Case Management Track. This case is assigned to the Standard Track pursuant to S.D. Fla. L.R. 16.1(a)(2)(B).

2. Trial and Calendar Call. This case is set for trial on the Court's two-week trial calendar beginning on **Monday, October 18, 2027**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, at a time and in a courtroom to be designated by the Court. Calendar Call will be held on **Tuesday, October 12, 2027**, at a time to be set by the Court. The parties estimate that a jury trial will require four (4) days. No pretrial conference will be held unless a party requests one and the Court determines that one is necessary.

3. Pretrial Deadlines. The following pretrial deadlines shall govern this action:

| Deadline | Event |
|---|---|
| December 30, 2026 | The parties shall select a mediator pursuant to Local Rule 16.2, schedule a time, date, and place for mediation, and jointly file a notice and proposed order scheduling mediation in the form specified on the Court's website. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. |
| January 29, 2027 | All motions to amend pleadings or join parties are filed. |
| April 16, 2027 | Plaintiff discloses experts and exchanges expert witness summaries or reports as required by Fed. R. Civ. P. 26(a)(2). |
| May 7, 2027 | Defendants disclose experts and exchange expert witness summaries or reports as required by Fed. R. Civ. P. 26(a)(2). |
| May 21, 2027 | The parties exchange rebuttal expert witness summaries or reports. |
| June 18, 2027 | All discovery, including expert discovery, is completed. |
| July 2, 2027 | Mediation is completed, and the parties file a mediation report with the Court. |
| July 9, 2027 | All pretrial motions and *Daubert* motions (which include motions to strike experts) are filed. This deadline includes all dispositive motions. |
| September 3, 2027 | The parties file a joint pretrial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, and motions in limine (other than *Daubert* motions). |
| October 12, 2027 | Calendar Call. |
| October 18, 2027 | Two-week trial period begins. |

4. Discovery and Electronically Stored Information. Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be exchanged within fourteen (14) days after the parties' Rule 26(f) conference. Written discovery shall be served sufficiently in advance of the discovery deadline that responses are due on or before that deadline. Each party shall preserve, in native format with existing metadata, all electronically stored information ("ESI") relating to Plaintiff's schedules, hours worked, pay, and tips, including time and attendance records, payroll records, point-of-sale and tip records, and e-mails and text or messaging-application messages concerning those subjects, and shall identify the categories, systems, and custodians of such ESI in its initial disclosures.

Time, payroll, point-of-sale, and tip records shall be produced in Excel or searchable PDF format, with native files available on request. Within thirty (30) days after service of a request for production seeking e-mails or messages, the parties shall confer regarding custodians, date ranges, and search terms.

5. Claims of Privilege. A party withholding information on the basis of privilege or work-product protection shall serve a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A) and the procedure described in Section (K)(2) of the Joint Scheduling Report. If information subject to a claim of privilege or work-product protection is produced in discovery, the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) shall govern.

6. Rule Variations. The limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules shall apply. The Manual on Complex Litigation shall not be used in this case.

7. Referral to Magistrate Judge. Pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, all discovery matters are referred to United States Magistrate Judge Lisette M. Reid. The parties shall follow Magistrate Judge Reid's discovery procedures for any discovery dispute.

8. Compliance. Compliance with all deadlines in this Order, the Federal Rules of Civil Procedure, and the Local Rules is mandatory. The failure to comply with this Order may result in the imposition of appropriate sanctions.

**DONE AND ORDERED** in Chambers at Miami, Florida, on _______________, 2026.

_________________________________
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record